UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Curtis Lamon Caradine | Case No. 15-cv-2284 (ADM/TNL) |
| Petitioner, | |
| v. | **REPORT & RECOMMENDATION** |
| State of Minnesota, | |
| Respondent. | |

Curtis Lamon Caradine, 218775, MCF-Faribualt, 1101 Linden Lane, Faribault, MN 55021 (*pro se* Petitioner); and

James P. Spencer, Senior Assistant Olmsted County Attorney, Olmstead County Attorney's Office, 151 4th Street SE, Rochester, MN 55904 (for Respondent).

This matter is before the Court, U.S. Magistrate Judge Tony N. Leung, on a petition pursuant to 28 U.S.C. § 2254 for writ of habeas corpus, (ECF No. 1), Petitioner's Motion for Reversal of Conviction, (ECF No. 3),[1] and Respondent's Motion to Dismiss, (ECF No. 10). This action has been referred to the undersigned magistrate judge for a report and recommendation to the Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota, under 28 U.S.C. § 636 and Local Rule 72.2(b). Based

---

[1] Petitioner submitted a standard motion form with his habeas application packet, asking the Court for "a reversal on [his] conviction or give [him] a fair trial with all the relevant evidence include[d], and also no fabricated evidence." (ECF No. 3, at 1). Petitioner raises the same arguments as he does in his habeas petition, asserting that his public attorney permitted the prosecution to use fabricated evidence and permitted testimony based on non-introduced evidence. (ECF No. 3, at 2). Because these claims overlap Petitioner's habeas claims, the Court does not consider Petitioner's Motion for Reversal of Conviction, (ECF No. 3), as a separate motion, but instead addresses it in its overall habeas analysis.

on all the files, records, and proceedings herein, and for the reasons set forth below, this Court will recommend that the petition be dismissed.

## I. BACKGROUND

On October 31, 2012, Petitioner was charged by complaint in Olmsted County District Court with one count of first degree controlled substance – sale in violation of MINN. STAT. § 152.021, SUBD. 1(1), two counts of second degree controlled substance – sale in violation of MINN. STAT. § 152.022, SUBD. 1(1), and one count of third degree controlled substance – sale in violation of MINN. STAT. § 152.023, SUBD. 1(1). (Mem. in Supp. of Mot. to Dismiss, at App. 2, ECF No. 11-2). The charges stem from three controlled buys conducted by police through a confidential informant in August and September 2012. (Mem. in Supp. of Mot. to Dismiss, at App. 2, ECF No. 11-2). After a bench trial, Petitioner was found guilty on June 4, 2013 of one count of third degree controlled substance – sale, guilty of one count of second degree controlled substance – sale, and not guilty of the two remaining counts. (Mem. in Supp. of Mot. to Dismiss, at App. 2, ECF No. 11-2). Petitioner was sentenced on July 16, 2013 to concurrent prison terms of 45 months and 98 months. (Mem. in Supp. of Mot. to Dismiss, at App. 2, ECF No. 11-2).

On October 9, 2013, Petitioner directly appealed his convictions, with the assistance of counsel, to the Minnesota Court of Appeals. (Mem. in Supp. of Mot. to Dismiss, at App. 2, ECF No. 11-2); s*ee Minnesota v. Caradine*, 2014 WL 4388602 (Minn. Ct. App. 2014). In his appeal, Petitioner argued that the "district court erred by permitting the state to impeach him with a prior felony conviction." *Id.* at *1. The

Minnesota Court of Appeals found no abuse of discretion by the trial judge under the Minnesota rules of evidence in permitting the prosecutor to impeach Petitioner with his prior felony second-degree controlled substance crime. *Id.* at *1–3.

Petitioner also raised "other challenges in a pro se brief." *Id.* at *1. From this Court's reading,[2] it appears Petitioner challenged: the non-introduction of covert audio and video recordings from the controlled buys; the failure of his trial counsel to challenge testimony of the confidential informant and law enforcement that relied upon unintroduced covert audio and video recordings; the findings of fact by the trial judge that did not credit the testimony of Petitioner that contradicted other testimony; and the editing of the video recording that was introduced into evidence as compared to the version provided to Petitioner during discovery. (Mem. in Supp. of Mot. to Dismiss, at App. 2, ECF No. 11-2). Given all these alleged errors, Petitioner asserted that his trial counsel provided ineffective assistance. (Mem. in Supp. of Mot. to Dismiss, at App. 2, ECF No. 11-2). Specifically, Petitioner claimed his trial counsel provided ineffective assistance by failing to admit the audio recordings into evidence and by permitting the prosecution to ask witnesses questions referencing the conversations subject to the audio and video recordings. (Mem. in Supp. of Mot. to Dismiss, at App. 2, ECF No. 11-2).

The Minnesota Court of Appeals found Petitioner's arguments "difficult to interpret," but he appeared to be "questioning the witnesses' credibility and alleging

---

[2] This Court, unlike the Minnesota Court of Appeals, has the benefit of the entirety of Petitioner's filings to date in its efforts to decipher Petitioner's pro se arguments and put them into context. These documents include: Substitute Pro Se Supplemental Brief to Minnesota Court of Appeals (ECF No. 11-2), Petitioner's unfiled Pro Se Supplemental Petition for Review of Decision of Court of Appeals to Minnesota Supreme Court, (ECF No. 11-3), and Petitioner's instant habeas petition filings.

ineffective assistance of counsel." *Caradine*, 2014 WL 4388602, at *3. The Court of Appeals found the fact-finder the exclusive judge of witness credibility and therefore deferred to the trial judge's witness credibility assessments. *Id.* As to the ineffective assistance claim, the Court of Appeals stated:

> [Petitioner] alleges that his trial counsel was ineffective because he failed to challenge the absence of an audio recording from the August 7, 2012 controlled buy; police claimed that the audiotape was indecipherable. But the district court found [Petitioner] not guilty of the charge arising out of the August 7 controlled buy because police failed to show an adequate chain of custody of the evidence. Therefore, there is no reasonable probability that the outcome of the trial would have been different.

*Id.* The Court of Appeals affirmed Petitioner's conviction. *Id.* at *4.

Petitioner, with the assistance of counsel, appealed to the Minnesota Supreme Court on October 7, 2014, again explicitly challenging his impeachment via prior felony conviction. (Mem. in Supp. of Mot. to Dismiss, at App. 2, ECF No. 11-2). As to other reasons for appeal found in his 9-page petition for review, they are state in full as follows: "Finally, review should be granted over [Petitioner's] pro se issues which he raised in his pro se supplemental brief to the court of appeals because they presented several bases for reversal." (Mem. in Supp. of Mot. to Dismiss, at App. 2, ECF No. 11-2). The brief contained no additional argument or explanation, but simply referenced Petitioner's pro se brief to the Minnesota Court of Appeals, attached as an addendum. (Mem. in Supp. of Mot. to Dismiss, at App. 2, ECF No. 11-2).

Petitioner filed a motion for leave to file a pro se supplemental brief with the Minnesota Supreme Court. *See State v. Caradine*, A13-1933, Motion (Minn. Oct. 7, 2014). The Minnesota Supreme Court denied Petitioner's motion to file his supplemental

4

pro se petition.[3] (Mem. in Supp. of Mot. to Dismiss, at 5, ECF No. 11; ECF No. 13, at 3); *see State v. Caradine*, A13-1933, Order (Minn. Oct. 9, 2014). Respondent provided to this Court a copy of Petitioner's pro se supplemental brief that he sought to file with the Minnesota Supreme Court, (Mem. in Supp. of Mot. to Dismiss, at App. 3, ECF No. 11-3);[4] but as noted above, it was not considered by the Minnesota Supreme Court. Ultimately, on November 25, 2014, the Minnesota Supreme Court denied discretionary review of Petitioner's appeal challenging his impeachment by prior felony conviction. (Mem. in Supp. of Mot. to Dismiss, at 5).[5]

On May 1, 2015, Petitioner submitted the instant habeas petition. (ECF No. 1). Petitioner asserts four grounds for relief in his habeas petition: (1) ineffective assistance of counsel; (2) abuse of discretion; (3) fabricated evidence; and (4) withholding relevant evidence. (ECF No. 1).[6] For the ineffective assistance of counsel claim, Petitioner asserts his trial attorney never went over any of the material evidence with Petitioner, which

---

[3] Unlike in the Minnesota Court of Appeals, the Minnesota Supreme Court ordinarily does not permit pro se supplemental briefs. *Compare* MINN. R. CRIM. P. 28.02, SUBD. 5(17) ("A defendant . . . may also file with the court a supplemental brief" when appealing to the Minnesota Court of Appeals) *with* MINN. R. CRIM. P. 29.04, SUBD. 3 (rules governing contents of petition for discretionary criminal appeals to the Minnesota Supreme Court).

[4] Again, this Court has the benefit of the entirety of Petitioner's filings to date in its efforts to decipher Petitioner's arguments and put them into context. Petitioner's pro se brief asserts that he received ineffective assistance of counsel. (Mem. in Supp. of Mot. to Dismiss, at App. 3, ECF No. 11-3). Petitioner bases this claim on the same arguments raised to the Minnesota Court of Appeals: the non-introduction of covert audio and video recordings from the controlled buys; the failure of his trial counsel to challenge testimony of the confidential informant and law enforcement which relied upon unintroduced covert audio and video recordings; and the editing of the video recording that was introduced into evidence as compared to the version provided to Petitioner during discovery. (Mem. in Supp. of Mot. to Dismiss, at App. 3, ECF No. 11-3). Petitioner asserts that these errors were caused by his trial counsel not performing his due diligence by failing to properly investigate the case and thoroughly prepare for trial. (Mem. in Supp. of Mot. to Dismiss, at App. 3, ECF No. 11-3).

[5] Petitioner did not subsequently seek postconviction review through Minnesota's established postconviciton procedures. (Mem. in Supp. of Mot. to Dismiss, at 6).

[6] Petitioner did not include in his habeas petition before this Court a claim for relief based on his impeachment with a prior felony.

permitted the prosecution to use fabricated evidence of covert audio and video surveillance. (ECF No. 1, at 5). For the abuse of discretion claim, Petitioner challenges a finding of fact by the trial judge which relies upon testimony that relates to a non-introduced covert video recording. (ECF No. 1, at 7). For the fabricated evidence claim, Petitioner asserts that a surveillance video played at trial was edited from the version provided during discovery. (ECF No. 1, at 8). And finally, for the withholding relevant evidence claim, Petitioner asserts that the use of audio surveillance and testimony related to audio gathered, without introducing that audio recording at trial, constitutes withholding of evidence. (ECF No. 1, at 10). While these are listed as four discrete claims, Petitioner groups them all under the umbrella of ineffective assistance of counsel. (ECF Nos. 3, 4). Essentially, Petitioner argues his trial counsel was ineffective because he permitted the prosecution to use fabricated evidence, allowed testimony that was made false because it related to matters covered by non-introduced covert audio and video recordings, failed to introduce "all the relevant" evidence by not introducing covert audio and video recordings, and permitted the prosecution to use "fabricated evidence" by introducing at trial a surveillance video that had been edited from the version provided during discovery. (ECF Nos. 3, 4).

Respondent moved to dismiss on the grounds that Petitioner has failed to exhaust his claims in state court and that his time to present such claims has elapsed, resulting in procedural default. (ECF No. 10). Respondent asserts that none of Petitioner's instant claims were presented to the Minnesota Supreme Court. (Mem. in Supp. of Mot. to Dismiss, at 7).

## II. ANALYSIS

### A. Failure to Exhaust State Remedies

The Antiterrorism and Effective Death Penalty Act of 1996 governs a federal court's review of habeas corpus petitions filed by state prisoners. Section 2254 is used by state prisoners alleging they are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A federal court may not grant habeas corpus relief to a state prisoner on any issue decided on the merits by a state court unless the proceeding "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or it "(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A state prisoner "must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *see* 28 U.S.C. § 2254(b)(1). "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citation omitted). "To be fairly presented 'a petitioner is required to refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue.'" *Cox v. Burger*, 398

F.3d 1025, 1031 (8th Cir. 2005) (quoting *Barrett v. Acevedo*, 169 F.3d 1155, 1161–62 (8th Cir. 1999)). However, "[p]resenting a claim that is merely similar to the federal habeas claim is not sufficient to satisfy the fairly presented requirement." *Cox*, 398 F.3d at 1031 (quoting *Barrett*, 169 F.3d at 1161–62). Additionally, "a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." *Baldwin*, 541 U.S. at 32.

In this case, Petitioner raised certain claims on his direct appeal to the Minnesota Court of Appeals: (1) improper use of a prior felony conviction for impeachment purposes, (2) pro se challenge of witness credibility findings, and (3) pro se claim of ineffective assistance of trial counsel. On his appeal for discretionary review to the Minnesota Supreme Court, Petitioner only raised two grounds: (1) improper use of a prior felony conviction for impeachment purposes, and (2) his pro se brief at the Court of Appeals.

Petitioner's incorporation by reference of previous briefs submitted at the lower level, without more substantiation, does not "fairly present" those claims to the Minnesota Supreme Court for review. *Foster v. Fabian*, Case No. 07-cv-4317 (JRT/JJG), 2009 WL 921063, at *8 (D. Minn. 2009) ("[A]s other Courts in this District have held, 'incorporation' of a lower court decision or briefs submitted to such a lower court, without identifying the federal issue in the petition for review, is insufficient to fairly present a federal claim for the purposes of exhaustion."); *see Fraction v. Minnesota*, 678

8

F.Supp.2d 908, 916–918 (D. Minn. Dec. 11, 2008). Thus, the "mere incorporation of [Petitioner's] supplemental brief to the intermediate court of appeals in an appendix is insufficient to fairly present the issue to the state supreme court." *Foster*, 2009 WL 921063, at *8.

A closer look at *Foster* is instructive. In *Foster*, the petitioner, on his appeal to the Minnesota Court of Appeals, raised a federal due process claim in connection to prosecutorial misconduct allegations. *Id.* at *7. The Minnesota Court of Appeals found Foster's claim unsupported and that the State of Minnesota acted within its authority. *Id.* On Foster's appeal to the Minnesota Supreme Court, "Foster did not identify the federal due process claim in his petition. Rather, Foster stated, 'Petitioner requests the Supreme Court review of all issues contained in his pro se supplemental brief to the Court of Appeals,' which was attached as an appendix to his petition." *Id.* As noted above, the "mere incorporation of Foster's supplemental brief to the intermediate court of appeals in an appendix is insufficient to fairly present the issue to the state supreme court." *Id.* at *8.

As in *Foster*, after seeking review of his impeachment claim, Petitioner generically asked the Minnesota Supreme Court to review the "pro se issues which he raised in his pro se supplemental brief to the court of appeals because they presented several bases for reversal," and simply included Petitioner's pro se brief to the Minnesota Court of Appeals as an appendix to the petition for review. Petitioner did nothing more to raise these issues to the Minnesota Supreme Court or alert it to any federal aspect of his claim, other than to make cursory reference to his earlier pro se supplemental brief. Therefore, the only claim Petitioner has exhausted by fair presentation to the Minnesota

9

courts is his claim under Minnesota's evidentiary rules regarding the use of a prior felony conviction for impeachment purposes, a claim which Petitioner does not raise in this habeas petition.[7] The Court concludes that Petitioner has failed to exhaust state remedies on the claims he presents in this habeas petition.

### B. Procedural Bar to Review

If a habeas petition contains claims that have not been exhausted in the state courts, the reviewing court "must then determine whether the petitioner has complied with state procedural rules governing post-conviction proceedings, i.e., whether a state court would accord the petitioner a hearing on the merits." *McCall v. Benson*, 114 F.3d 754, 757 (8th Cir. 1997) (citing *Harris v. Reed*, 489 U.S. 255, 268–70 (1989) (O'Connor, J., concurring)). "A state prisoner procedurally defaults a claim when he violates a state procedural rule that independently and adequately bars direct review of the claim by the United States Supreme Court." *Clemons v. Luebbers*, 381 F.3d 744, 750 (8th Cir. 2004) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). Thus, "a state prisoner who fails to satisfy state procedural requirements forfeits his right to present his federal claim through a federal habeas corpus petition, unless he can meet strict cause and prejudice or actual innocence standards." *Clemons*, 381 F.3d at 750 (citing *Murray v. Carrier*, 477 U.S. 478, 493–96 (1986)).

---

[7] Nor is it likely that he could given that the impeachment claim rested entirely on well-established state evidentiary law, where review is based on an abuse of discretion. *See* MINN. R. EVID. 609(a); *State v. Ihnot*, 575 N.W.2d 581, 584 (Minn. 1998) ("[E]videntiary rulings generally rest within the trial court's discretion and will not be reversed absent a clear abuse of discretion.") (quotation and citation omitted).

For the federal court to enforce a state procedural bar, it must be clear that the state court would hold the claim procedurally barred. *Clemons*, 381 F.3d at 750. The relevant question then becomes "whether there is, under the law of [Minnesota], any presently available state procedure for the determination of the merit of th[ese] claim[s]." *Thomas v. Wyrick*, 622 F.2d 411, 413 (8th Cir. 1980). Minnesota law provides that once the petitioner has directly appealed his sentence "all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief." *State v. Knaffla*, 243 N.W.2d 737, 741 (Minn. 1976); *McCall v. Benson*, 114 F.3d 754, 757 (8th Cir. 1997). "Claims are considered 'known' [under the *Knaffla* rule] if they were available after trial and could have been raised on direct appeal." *Vann v. Smith*, Case No. 13-cv-893 (SRN/JSM), 2015 WL 520565, at *6 (D. Minn. Feb. 9, 2015) (citing *Townsend v. State*, 723 N.W.2d 14, 18 (Minn. 2006)).

Here, Petitioner's claims all relate to actions of his trial counsel during or in preparation for trial. Such claims arising out of or before trial would have been known to Petitioner and his appellate counsel at the time of his direct and discretionary appeals and could have been raised therein. In fact, the Minnesota Court of Appeals did address some part of Petitioner's ineffective assistance of counsel claim, but this claim was not properly re-asserted in Petitioner's appeal to the Minnesota Supreme Court. Notably, Petitioner does not challenge the effectiveness of his appellate counsel who did not raise Petitioner's pro se arguments, either in his appeal to the Minnesota Court of Appeals or Minnesota Supreme Court. Under Minnesota's postconviction rules, Petitioner would not be permitted to bring his current claims, whether viewed entirely as a single claim of

11

ineffective assistance of counsel or broken into four discrete claims. Therefore, Petitioner is procedurally barred from bringing such claims in this federal habeas petition.

### C. No Cause or Prejudice Excuses Procedural Default

"Out of respect for finality, comity, and the orderly administration of justice, a federal court will not entertain a procedurally defaulted constitutional claim in a petition for habeas corpus absent a showing of cause and prejudice to excuse the default." *Dretke v. Haley*, 541 U.S. 386, 388 (2004). "The cause and prejudice requirement shows due regard for States' finality and comity interests while ensuring that 'fundamental fairness [remains] the central concern of the writ of habeas corpus.'" *Id.* at 393 (quoting *Strickland v. Washington*, 466 U.S. 668, 697 (1984)). "This rule is nearly absolute, barring procedurally-defaulted petitions unless a habeas petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or show actual innocence." *Reagan v. Norris*, 279 F.3d 651, 656 (8th Cir. 2002) (internal citations and quotation omitted); *Martinez v. Ryan*, 132 S.Ct. 1309, 1316 (2012); *Coleman v. Thompson*, 501 U.S. 722, 750–51 (1991). If a prisoner fails to demonstrate cause, the court need not address prejudice. *Mathenia v. Delo*, 99 F.3d 1476, 1481 (8th Cir. 1996).

To obtain review of a defaulted constitutional claim, "the existence of cause for procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Some examples of factors external to the defense which prevent a petitioner from developing the factual

or legal basis of a claim are interference by the state, ineffective assistance of counsel, conflicts of interest, and legal novelty." *Mathenia v. Delo*, 99 F.3d 1476, 1480–81 (8th Cir. 1996). Ineffective assistance of counsel claims generally must "be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Murray*, 477 U.S. at 488–89.

Petitioner has not asserted that the State has interfered with his claims in some way, or that his claims were novel. Nor does Petitioner assert claims of ineffective assistance of counsel as to his appellate counsel, only as to his trial counsel. Petitioner's appellate counsel only presented one claim for review to both the Minnesota Court of Appeals and Supreme Court: impeachment of Petitioner's testimony by prior felony conviction. This Court, absent some allegation by Petitioner, will not *sua sponte* second-guess the effectiveness of his appellate counsel because "[i]t is likely that most of the attorneys appointed by the courts are qualified to perform, and do perform, according to prevailing professional norms; and, where that is so, the States may enforce a procedural default in federal habeas proceedings." *Martinez*, 132 S.Ct. at 1319. Therefore, the Court finds Petitioner has not shown cause that would excuse his procedural default of the claims presented in his habeas petition.

### D. Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing § 2254 cases, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Federal district courts may not grant a certificate of appealability unless the prisoner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C.

§ 2253(c)(2). To meet this standard, the petitioner must show "that the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994). For purposes of appeal under 28 U.S.C. § 2253, the Court concludes that it is unlikely that reasonable jurists would find the question of whether to dismiss Petitioner's petition debatable, or that some other court would decide this petition differently.[8] The Court therefore recommends that a certificate of appealability not issue.

[Continued on next page.]

---

[8] The merits of Petitioner's claim fair no better. Petitioner's challenges to the actions of his trial counsel fall within the ambit of trial strategy—mainly evidentiary matters—an area in which trial lawyers are afforded great deference. *See Johnson v. Lockhart*, 921 F.2d 796, 799 (8th Cir. 1990) ("[T]he Constitution's guarantee of effective representation does not require an attorney to submit any minimum amount or particular type of evidence.").

14

## III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Respondent's Motion to Dismiss, (ECF No. 10), be **GRANTED**, Petitioner's Motion for Reversal of Conviction, (ECF No. 3), be **DENIED**, the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, (ECF No. 1), be **DISMISSED WITH PREJUDICE**, and a certificate of appealability not issue.

Date:  January 25, 2016                             *s/ Tony N. Leung*
                                                    Tony N. Leung
                                                    United States Magistrate Judge
                                                    District of Minnesota

                                                    *Caradine v. Minnesota*
                                                    File No. 15-cv-2284 (ADM/TNL)

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.